UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DONALD G. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1324 |
| | ) | |
| WALKEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, while he was detained at Peoria County Jail ("jail"), another detainee hit him in the head with a sock filled with a bar of soap following an argument "over a trivial matter." Plaintiff alleges that Defendants Owens and Reese spoke with him after the attack, assured him that he would be okay, and that the assailant would be disciplined. Plaintiff

alleges that his assailant was not punished for the incident, nor was the assailant moved to a different cell block. Plaintiff alleges that he suffers migraine headaches resulting from the attack, and that he has not been provided medical attention.

Plaintiff's allegations do not permit a plausible inference that jail officials would have known about any risk of attack Plaintiff faced, or that the failure to punish his assailant resulted in the deprivation of a basic human need. Plaintiff does not allege which jail officials denied him medical care, and he cannot sue the Peoria County sheriff and jail superintendent just because these individuals may have been in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motions to Request Counsel (Doc. 4, 7)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff provided letters he purportedly sent to lawyers without objective evidence that he actually sent them. The dates on the letters suggest that the lawyers he wrote have not had sufficient time to respond. Plaintiff's unsubstantiated statements

that he sent the letters are not sufficient. *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motions [4][7] are DENIED with leave to renew.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 17th day of October, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE